## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN HARMON        :     CIVIL ACTION
                            :
    v.                   :     NO.  10-6781
                            :
MICHAEL J. ASTRUE,       :
Commissioner of Social Security   :

## <u>MEMORANDUM</u>

J. WILLIAM DITTER, JR., Sr. J                    JANUARY 11, 2012

      Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response and plaintiff's reply thereto (Doc. Nos. 11 & 12), I make the following findings and reach the following conclusions:

      1.    On April 3, 2007, Gwendolyn Harmon protectively filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of February 28, 2005.  (Tr. 142-48).  After Harmon's application was denied, she attended an April 7, 2008, hearing which resulted in an unfavorable decision dated October 1, 2008.  (Tr. 70-83; 84-104; 119-123).  Harmon appealed the decision to the Appeals Counsel who reversed the decision and remanded the case.  (Tr. 60-64).  A new ALJ held a second hearing on December 22, 2009.  (Tr. 29-50).  On January 29, 2010, the ALJ issued a second unfavorable decision.  (Tr. 12-23).  After the Appeals Council denied review of this decision, pursuant to 42 U.S.C. § 405(g), Harmon filed her complaint in this court on November 24, 2010.  (Tr. 1-5; Doc. No. 3).

      2.    In her January 29, 2010, decision, the ALJ concluded, *inter alia*, that: (1) Harmon had severe disorders of the back, anemia, uterine fibroids, obesity, and a history of deep venous thrombophlebitis and pulmonary emboli, and non-severe asthma and depression; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work with a sit/stand option and the ability to use a cane at will, and which had no constant exposure to pulmonary irritants; (4) she could perform her previous work as a lawyer, and (5) Harmon was not disabled.  (Tr. 15, Finding 2; 16, Finding 3; 19, Finding 4;  22, Findings 5-6).

      3.    The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)); <u>see also</u> <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  <u>See</u> <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988).

4.    Harmon alleges that the ALJ legally erred by failing to include in her RFC assessment and hypothetical to the vocational expert ("VE"), mild limitations in the areas of:  (1) activities of daily living; (2) maintaining social functioning; and (3) maintaining concentration, persistence or pace.  (Tr. 18).  I agree that the ALJ made a legal error and a remand is necessary.  Although the ALJ found that Harmon's depression was not severe, she concluded that Harmon did have mild limitations in the aforementioned three areas of functioning due to her depression.  (Tr. 16 & 18).

When creating an RFC assessment and formulating the hypothetical for the VE, the ALJ must include *all* of a claimant's limitations stemming from medically supported impairments, whether or not those impairments are severe.   Rutherford v. Barnhart, 399 F.3d. 546, 554 (3d Cir. 2005); Ramirez v. Barnhart, 372 F.3d 546, 554 -555 (3d Cir. 2004); Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).  Having found that Harmon's non-severe depression was medically supported and that there were limitations associated therewith, the ALJ had a duty to address those limitations in the RFC and hypothetical question.[1]  See Washington v. Astrue, 08-2938, 2009 WL 855893, at *1 (E.D. Pa. March 31, 2009) (holding that the ALJ erred by failing to include mild limitations in her RFC and hypothetical); Davis v. Astrue, 06-3550, 2007 WL 2248830, at *3-4 (E.D. Pa. July 30, 2007) (holding that the ALJ erred by failing to include moderate and mild limitations in the hypothetical); Thompson v. Barnhart, 05-395, 2006 WL 709795, at *13- 15 (E.D. Pa. March 15, 2006) (holding, *inter alia*, that the ALJ erred by failing to include mild limitations in the hypothetical).  The inclusion of these mental limitations is especially important since the ALJ concluded that Harmon could perform skilled work as a lawyer, where even minimal deficits in these areas of functioning could impact her ability to successfully perform the occupation.

The ALJ legally erred by failing to include all of the limitations she found to be associated with Harmon's medically determinable depression in her RFC assessment and the hypothetical.  Therefore, this case must be remanded in order for the ALJ to re-consider any such limitations.  In light of the remand, I find that there is no reason to address Harmon's other two arguments that the ALJ should have found her depression to be severe and that the ALJ incorrectly weighed the credibility of her testimony.

An appropriate Order follows.

---

[1] Oddly, the ALJ did incorporate a restriction in the RFC and hypothetical regarding Harmon's other non-severe impairment, asthma.  (Tr. 19, Finding 4).